UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **PAUL ANDREW KINCHLOE**, <br><br> Plaintiff, <br><br> vs. <br><br> **JOE BIDEN**, <br><br> Defendant. | 2:22-CV-12722-TGB-CI <br><br> **ORDER SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT** <br><br> **(ECF NO. 1)** |

Plaintiff Paul Andrew Kinchloe is an inmate imprisoned at the Saginaw Correctional Facility. Plaintiff has filed a pro se civil rights complaint under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In his complaint, Plaintiff alleges that President Joseph R. Biden has violated his federal constitutional rights by "continuing to use treaty law to put a stay of execution on [a] Michigan Supreme Court judgment granting [him] relief from involuntary servitude/slavery." Complaint, ECF No. 1, PageID.5. Plaintiff seeks compensatory and punitive damages against President Biden for his claim. *Id.* at PageID.8. Having reviewed Plaintiff's complaint, the Court now dismisses it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court also concludes that an appeal from this decision cannot be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

## I. LEGAL STANDARD

Plaintiff is proceeding in forma pauperis. ECF No. 7. Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to dismiss an in forma pauperis complaint on its own accord before service to the defendant if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).

The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The screening provisions of the PLRA are applicable to *Bivens* actions brought by federal inmates. *See, e.g.*, *Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir. 2000); *Diaz v. Van Norman*, 351 F. Supp. 2d 679, 680–81 (E.D. Mich. 2005).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a

demand for the relief sought." Fed. R. Civ. P. 8(a)(2)–(3). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). In other words, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II. DISCUSSION

Plaintiff's complaint is subject to dismissal for several reasons. First, Plaintiff's action for monetary damages against President Biden must be dismissed on the basis of absolute immunity. Plaintiff alleges that President Biden violated his due process rights by enforcing treaty law to stay the execution of a Michigan Supreme Court judgment granting him relief from an illegal conviction and sentence. The United States Supreme Court has recognized the defense of "absolute immunity" for "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). The President of the United States is one such person entitled to absolute immunity from suit and claims for damages. *Id.; see also Hafer*

3

*v. Melo*, 502 U.S. 21, 29 (1991); *Nixon v. Fitzgerald*, 457 U.S. 731, 756 (1982). Because President Biden is absolutely immune from suit, Plaintiff's complaint must be dismissed.

Second, even if absolute immunity did not apply, Plaintiff's claim is still barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a state prisoner may not file a civil rights lawsuit for damages or equitable relief challenging his conviction or sentence if a ruling on the claim would render the conviction or sentence invalid, until and unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 487. The rationale behind *Heck* has been applied to *Bivens* actions brought against federal defendants. *See Lanier v. Bryant*, 332 F.3d 999, 1005 (6th Cir. 2003); *Robinson v. Jones*, 142 F.3d 905, 906–07 (6th Cir. 1998). Plaintiff appears to allege that he is being detained illegally. However, there is no record of Plaintiff's conviction(s) being overturned. If Plaintiff were to prevail in this action, his continued confinement in prison would be called into question. Consequently, his civil rights complaint is barred by *Heck* and must be dismissed.

Finally, Plaintiff's complaint is further subject to dismissal for failing to satisfy the Rule 8 pleading requirements. It is well-settled that conclusory allegations without material supporting facts are insufficient

4

to state a claim. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555–57; *Moldowan v. City of Warren*, 578 F.3d 351, 390–91 (6th Cir. 2009). Plaintiff fails to allege any facts explaining how President Biden specifically violated his federal constitutional rights. Nor does Plaintiff provide a proper legal basis to support his claim. Accordingly, Plaintiff's naked assertions fail to satisfy the Rule 8 pleading requirements, and his complaint must be dismissed.

### III. CONCLUSION

For the reasons stated, Plaintiff's complaint must be summarily dismissed based upon Defendant's absolute immunity and Plaintiff's failure to state a claim. Accordingly, Plaintiff's complaint is **DISMISSED WITH PREJUDICE**. The Court further concludes that an appeal from this decision cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). This case is closed. No further pleadings should be filed in this matter.

**IT IS SO ORDERED.**

Dated: January 19, 2023     s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE